Lyson MORRISON, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

Nos. 00–4208, 01–4142.

United States Court of Appeals,
Second Circuit.

Feb. 13, 2006.

584

Craig T. Trebilcock, Barly Snyder Senft & Cohen, York, Pa. (on submission), for Petitioner.

Lisa Dinerman, Assistant United States Attorney, for Robert Clark Corrente, United States Attorney for the District of Rhode Island, Providence, R.I. (on submission), for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. CHRISTOPHER F. DRONEY, District Judge.*

### SUMMARY ORDER

Petitioner Lyson Morrison ("Morrison"), a native and citizen of Jamaica, petitions

---

\* The Honorable Christopher F. Droney, United States District Judge for the District of Con-

for consolidated review of two decisions of the Board of Immigration Appeals ("BIA"). The first is an October 13, 2000, decision affirming, by brief opinion, the February 14, 2000, decision of an Immigration Judge ("IJ") to deny Morrison's petition for withholding of removal pursuant to the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85. The second decision presented for review is a July 23, 2001 BIA refusal, again by brief opinion, to reconsider a prior decision of the BIA denying Petitioner asylum despite the existence of an intervening Attorney General decision favorable to claims like Petitioner's. In both cases, Morrison's underlying claims for relief turned on her fear of returning to Jamaica after a long history of domestic violence perpetrated by her former common law husband, a retired Jamaican police detective, who had fathered Morrison's six children. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal.

## I.

Petitioner challenged several aspects of the BIA's decision denying her claim for CAT relief. Where, as here, the BIA adopts the decision of an IJ and merely supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

necticut, sitting by designation.

Despite several erroneous factual determinations by the IJ, it is clear that Morrison has not carried her burden of proving that "it is more likely than not that ... she would be tortured if removed to the proposed country of removal." *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159 (2d Cir.2005) (quoting 8 C.F.R. § 1208.16(c)(2)). Given the level of proof required for CAT relief, "[w]e can confidently predict that the IJ would necessarily reach the same result absent errors." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 146 (2d Cir.2006).

## II.

Though Morrison expressly petitioned for review of the BIA's refusal to reconsider her asylum claim in light of an intervening change in law, her brief did not advance any further arguments relating to the failure of the BIA to reconsider. Generally in this Circuit, we treat a party's failure to make an argument to be an abandonment of the issue. *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 514 (2d Cir.2002). We may, however, exercise our discretion to consider even an abandoned issue if manifest injustice would otherwise result. *Id.* We invoke this discretionary authority in this case.

We review the BIA's decision on a motion to reconsider for abuse of discretion. *See Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004); *see also Ke Zhen Zhao v. U.S. Dept. of Justice,* 265 F.3d 83, 93 (2d. Cir.2001) ("An abuse of discretion may be found in those circumstances where the Board's decision provides no

rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." (internal citations omitted)).

In its decision not to reconsider Morrison's asylum claim, the BIA did not undertake an analysis of Petitioner's claim of past persecution or of her satisfaction of the statutory definition of a "refugee" contained in 8 U.S.C. § 1101(a)(42)(A). *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003). Specifically, the decision did not address the substance of Petitioner's motion for reconsideration, namely that the Attorney General's intervening vacatur of *Matter of R–A–,* 22 I. & N. Dec. 906, 1999 WL 424364 (BIA 1999)[1] had dramatically altered, favorably to Morrison, the legal significance of her evidence of past abuse.

Instead, the BIA determined that regardless of past persecution, Morrison did not establish a well-founded fear of future persecution if returned to Jamaica. In finding that she did not, the BIA concluded that Jamaica had enacted laws for the protection of women, and it presumed that these laws were being enforced. This finding failed to account for evidence in the record (a) that Morrison would not be covered by the new laws because she did not live with Robinson and was not formally married to him, (b) that such laws had "mixed" effectiveness, and (c) that the new laws would prove unable to overcome cultural norms.

In addition, the BIA rested its conclusion that Petitioner did not have a well-

---

1. The BIA decision vacated by the Attorney General had held that a victim of domestic violence is not a member of a "particular social group" for the purposes of 8 U.S.C.

§ 1101(a)(42)(A) unless he or she can show that the perpetrator's behavior was influenced by perception of the victim's opinion.

founded fear of persecution in Jamaica on, *inter alia,* two factual findings in conflict with the record: first, that Peter Robinson, Morrison's former common law husband, was living permanently in the United States, and second, that Robinson's past service in the police force could not insulate him from law enforcement. The first of these findings conflicted with the evidence in the case, including sworn statements from Morrison's sons as to their father's whereabouts. The second finding (which was incorporated by reference to the BIA's original dismissal of Morrison's asylum claim) ignored testimonial evidence from Petitioner describing specific incidents of government acquiescence in Robinson's abuse of Petitioner.

Based on the BIA's failure to resolve the issue of past persecution in light of an intervening change (vacatur of *Matter of R–A–*) in asylum law—and therefore to grant or deny a rebuttable presumption of a well-founded fear of future persecution—as well as its factual findings in conflict with the record, we find that the BIA abused its discretion in failing to reconsider Morrison's asylum claim. We therefore vacate the decision of the BIA to deny Morrison's motion to reconsider.

We have considered the parties' remaining arguments and find them to be without merit. The petition for review is therefore DENIED with respect to Morrison's claim for CAT relief and GRANTED with respect to the BIA's denial of reconsideration. The decision of the BIA to deny Petitioner's motion to reconsider is VACATED and the case REMANDED for further proceedings consistent with this opinion. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.